UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-11987MLW

WILLIAM EMDE and
JUDITH EMDE,
              *Plaintiffs*,

VS.                              C.A. No. *04-11987-MLW*

DAVID SMITH, M.D.;
AMY ANDERSON, M.D.; and
R. WESLEY FARRIS, M.D.,
              *Defendants*.

## DEFENDANT, AMY ANDERSON, M.D.'S ANSWER TO THE PLAINTIFFS' COMPLAINT

Now comes the defendant, Amy Anderson, M.D., and hereby answers the Plaintiffs' Complaint as follows:

### First Defense

Answering to that part of the complaint entitled "PARTIES", paragraph 1, 5, and 6, this Defendant is without sufficient information or belief to either admit or deny the allegations in said paragraphs but believes the same to be true. Answering to paragraphs 2 and 3 of that section of the Plaintiffs' Complaint denominated "PARTIES", this Defendant states that said paragraphs inclusive, do not pertain to this Defendant, and no answer is made thereto. To the extent that said paragraphs can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations and calls upon the Plaintiffs to prove the same. Answering to that section of the Plaintiffs' Complaint entitled "PARTIES", paragraph 4 therein, this Defendant admits to so much as alleges a limited doctor/patient relationship on or about the date alleged, but denies the particularities thereof.

### Second Defense

Answering to Count I of the Plaintiffs' Complaint, in answer to paragraph 7 therein, this Defendant restates her answers to all preceding paragraphs of the Plaintiffs' Complaint as if the same had been fully set forth herein. Answering to paragraph 8 this Defendant admits to so

much of said paragraph 8 as alleges a limited doctor/patient relationship on or about the date alleged, but denies the particularities thereof. Answering to paragraph 9, this Defendant states that said paragraph sets forth a proposition of law, not an averment of fact, wherefore this Defendant maintains that no response thereto is required. Answering to paragraphs 10 and 11 this Defendant denies the allegations contained therein.

### Third Defense

Answering to Count II of Plaintiffs' Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 12 through 16, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count II of Plaintiffs' Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

### Fourth Defense

Answering to Count III of Plaintiffs' Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 17 through 21, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count III of Plaintiffs' Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

### Fifth Defense

Answering to Count IV of the Plaintiffs' Complaint, this Defendant restates her answers to all preceding paragraphs of the Plaintiffs' Complaint as if the same had been fully set forth herein. Answering to paragraph 22 this Defendant denies the allegations contained therein.

### Sixth Defense

Answering to Count V of Plaintiffs' Complaint this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraph 23 and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count V of Plaintiffs' Complaint not hereinbefore specifically admitted, is denied.

### Seventh Defense

Answering to Count VI of Plaintiffs' Complaint this Defendant states that said Count inclusive, do not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient

information or belief to either admit or deny said allegations contained in paragraph 24 and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count VI of Plaintiffs' Complaint not hereinbefore specifically admitted, is denied.

### Eighth Defense

The Plaintiffs' Complaint fails to state a cause of action for which this Court presently has jurisdiction.

### Ninth Defense

The Plaintiffs' Complaint fails to state a cause of action for which relief can be granted.

### Tenth Defense

The Plaintiff, William Emde, was not in the exercise of due care, but rather the negligence of the Plaintiff William Emde contributed to cause the injury or damage complained of, wherefore the recovery of the Plaintiffs are barred in whole or in part, or is subject to diminution.

### Eleventh Defense

The Plaintiffs' claims against this Defendant are wholly insubstantial, frivolous and not advanced in good faith and the Defendant is therefore entitled under M.G.L. c. 231, §6F to damages including but not limited to reasonable attorneys fees and other costs and expenses incurred in defending said claim.

### Twelfth Defense

The Plaintiff, William Emde, after having been duly informed of the risks involved, and for consideration, consented to the procedures involved.

### Thirteenth Defense

The injuries and damages alleged were not caused by the acts of any person for whose conduct the Defendant, Amy Anderson, M.D., was legally responsible. Wherefore, the recovery of the Plaintiffs, William Emde and Judith Emde, is barred.

### Fourteenth Defense

Plaintiffs have failed in their duty to mitigate damages.

### Fifteenth Defense

The Defendant, Amy Anderson, M.D., says that if the Plaintiff, William Emde, proves that the Defendant, Amy Anderson, M.D., was negligent as alleged, the Plaintiff was negligent to a greater

-3-

degree than the Defendant and the Plaintiffs are barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts

### Sixteenth Defense

This action has not been brought within the time specified by the General Laws of this Commonwealth.

### Seventeenth Defense

The Plaintiffs, William Emde and Judith Emde, make a claim of malpractice, error or mistake against a provider of health care and the defendant, Amy Anderson, M.D., is therefore entitled pursuant to M.G.L., c. 231, Section 60B, that this action be referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purposes of convening a Medical Malpractice Tribunal.

WHEREFORE, the Defendant respectfully request that this Honorable Court:

1) Dismiss the Plaintiffs' Complaint;

2) Award the Defendant its attorney's fees and costs in defending this claim;

3) Order such other and further relief as this Honorable Court deems proper.

### DEMAND FOR JURY TRIAL

The Defendant, Amy Anderson, M.D., demands a trial by jury.

*Certificate of Service*

I hereby certify that I have served a **true copy** of the within document upon all **concerned** parties, by mail, postage prepaid.

_____

BARBARA HAYES BUELL, ESQUIRE
BBO# 063480
BLOOM AND BUELL
Attorneys for Defendant,
   *Amy Anderson, M.D.*
1340 Soldiers Field Road
Suite Two
Boston, Massachusetts 02135-1020
617-254-4400

Dated: 12/8/04

-4-