UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM EMDE and<br>JUDITH EMDE,<br>                     *Plaintiffs*,<br><br>VS.<br><br>DAVID SMITH, M.D.;<br>AMY ANDERSON, M.D.; and<br>R. WESLEY FARRIS, M.D.,<br>                     *Defendants*. | C.A. No. *04-11987-MLW* |

## MOTION OF THE DEFENDANT, AMY ANDERSON, M.D.
## TO REFER TO A MEDICAL MALPRACTICE TRIBUNAL

    Pursuant to M.G.L., ch. 231, Section 60B, the Defendant, Amy Anderson, M.D., moves that the within action be referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purposes of convening a Medical Malpractice Tribunal pursuant to said statute, in accord with the provisions of said statute and the practices thereafter established by the Supreme Judicial Court of the Commonwealth of Massachusetts and this Honorable Court.

    As reason for allowance of the motion, the Defendant states as follows:

    The Plaintiffs, William Emde and Judith Emde, have made a claim of malpractice, error or mistake against a provider of health care. M.G.L., c. 231 Section 60B provides that each medical malpractice action "shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed to practice medicine in the Commonwealth...and an attorney authorized to practice law in the Commonwealth." According to section 60B, the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the Plaintiff's case is merely an unfortunate medical result."

The Legislature has directed that every such case <u>must</u> be heard by a tribunal as defined in Section 60B. There is no apparent exception. Thus, if a medical malpractice action is entered in a District or Municipal Court of this Commonwealth and is not removed to the Superior Court, it must be transferred to the Superior Court for consideration by a Section 60B tribunal. <u>Austin vs. Boston University Hospital</u>, 372 Mass. 654, 659 (1977).

The federal judiciary have followed the logic set forth in <u>Austin</u> and held that Section 60B is applicable to claims filed in the federal courts. The Court has opined that "reference to a medical malpractice tribunal with the accompanying bond requirement pursuant to section 60B is, therefore, a substantive right of a Defendant under Massachusetts law in an action for medical malpractice, which right must be recognized by a federal court in a diversity action brought in the federal court system." <u>Byrnes v. Kirby</u>, 453 F. Supp. 1014, 1019 (D.C. Mass., 1978). The Court in <u>Byrnes</u> also held that "the procedure suggested by the Supreme Judicial Court in the Austin case will be followed." <u>Id</u>. That procedure set forth by the Court in <u>Austin</u> suggested that a Federal Court should not fashion its own tribunal. Instead, on appropriate reference to the Superior Court, a section 60B tribunal should be appointed and act on the matter, after which its findings will be transmitted to the clerk of the Federal court. <u>Austin</u>, 372 Mass. at 660.

Respectfully submitted,

/s/ _____

BARBARA HAYES BUELL, ESQUIRE
BBO # 063480
PETER B. WELLS, ESQUIRE
BBO #657304
BLOOM AND BUELL
Attorneys for Defendant,
    *Amy Anderson, M.D.*
1340 Soldiers Field Road - Suite Two
Boston, Massachusetts 02135-1020
617-254-4400

*Certificate of Service*
I hereby certify that I have served a true copy of the within document upon all concerned parties, by mail, postage prepaid.

/s/ _____

Dated: December 22, 2004