UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM EMDE and <br> JUDITH EMDE <br>     Plaintiff <br><br> v. <br><br> DAVID SMITH, M.D., <br> AMY ANDERSON, M.D. and <br> R. WESLEY FARRIS, M.D. <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-11987MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## LOCAL RULE 16.1 JOINT STATEMENT

**I.     Rule 26(F) Conference**

Pursuant to Federal Rule of Civil Procedure 26F and Local Rule 16.1(B), counsel participated in a telephone conference on January 6, 2005, to discuss discovery issues in this matter. Participants in the conference were:

Barry Lang, Esq. and ZacharyB. Lang, Esq. for Plaintiffs, William Emde and Judith Emde
Daniel J. Griffin, Jr, Esq. and Lynda Jensen, Esq. for Defendant, David Smith, M.D.
Barbara Hayes Buell, Esq. for Defendant, Amy Anderson, M.D.
Kenneth Kohlberg, Esq. for Defendant, R. Wesly Farris, M.D.

**II.    Pre-Discovery Disclosure**

The parties will exchange by 3/4/2005 the information required by Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2.

**III.   Discovery Plan**

**A.     PHASE I:** For Developing Information Needed For A Realistic Assessment Of Case, The Parties Jointly Propose To The Court The Following Discovery Plan:

1.      Discovery will be needed on the following subjects:

    a. Plaintiff, William Emde's medical history.
    b. Plaintiff, William Emde's current medical status
    c. Complex medical issues involving causation and standard of care
    d. David Smith, M.D.'s care relative to Mr. Emde

    e. Amy Anderson, M.D.'s care relative to Mr. Emde
    f. R. Wesley Farris, M.D.'s care relative to Mr. Emde
    g. Plaintiff, Judith Emde's loss due to the alleged negligence

2. All discovery to be completed by 02/28/2006.

3. Maximum of 40 interrogatories by each party to any other party. Response due in 45 days after service.

4. Maximum of 10 requests for admission by each party to any other party. Responses due 30 days after service.

5. Maximum of 10 depositions by plaintiffs and 10 by defendants. Keeper of the Records depositions are not included in this category. Based upon reasonable information discovered at deposition, additional depositions may become necessary.

6. Responses to First Request for Production of Documents by 30 days after service.

7. Reports from retained experts under Rule 26(a)(2) due:

   From plaintiffs by 10/01/2005

   From defendant by 11/01/2005

**IV.** **Other Items**

1. The parties request a Pre-Trial Conference in April, 2006

2. Plaintiffs should be allowed until 04/06/2005 to join additional parties and until 04/06/2005 to amend the pleading.

3. Defendant should be allowed until 05/06/2005 to join additional parties and until 05/06/2005 to amend the pleading.

4. All potentially dispositive motions should be filed by 03/31/2006

5. Settlement can be evaluated at anytime.

**B.** **PHASE II:** For Information Needed To Prepare For Trial

1. Deposition of experts must be noticed by 01/06/2006.

2. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

   From plaintiffs: 07/31/2006.

From defendant: <u>08/31/2006</u>.

3. Parties should have <u>10</u> days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

4. The case should be ready for trial by <u>01/06/2007</u> and at this time it is expected to take <u>10</u> trial days.

5. The parties do not consent to a trial by a magistrate judge at this time.

## V.   Settlement Proposals

In compliance with Local Rule 16.1, counsel for both parties have conferred with respect to settlement before the scheduling conference and have been unable to reach an agreement.

## VI.   Certification of Parties and Their Counsel

The parties and their counsel herein certify that they have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation, and they have considered and discussed the resolution of this litigation through the use of alternative dispute resolution programs as outlined in Local Rule 16.4.

Date: January 7, 2005

*/s/ Barry D. Lang*

**Barry D. Lang, Esq.**
BBO # 565438
**Zachary B. Lang, Esq.**
BBO# 652055
Attorney for the Plaintiffs
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
617-720-0176

*/s/ Daniel J. Griffin, Jr.*

**Daniel J. Griffin, Jr., Esq.**
**Lynda R. Jensen, Esq.**
Attorneys for the Defendant,
David Smith, M.D.
Martin, Magnuson, McCarthy and Kenney
7th Floor
101 Merrimac St.
Boston, MA 02114
617-227-3240

_____
**Barbara Hayes Buell, Esq.**
Attorney for the Defendant,
Amy Anderson, M.D.
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135-1020
617-254-4400

_____
**Kenneth R Kohlberg, Esq.**
Attorneys for the Defendant,
R. Wesley Farris, M.D.
McCarthy, Bouley & Barry
47 Thorndike Street
Cambridge, MA 02141
617-225-2211

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM EMDE and<br>JUDITH EMDE<br>    Plaintiff<br><br>v.<br><br>DAVID SMITH, M.D.,<br>AMY ANDERSON, M.D. and<br>R. WESLEY FARRIS, M.D.<br>    Defendants | CIVIL ACTION NO. 04-11987MLW |

### Certification of William and Judith Emde

This is to certify that we have discussed and approved a budget for the costs of conducting the full course, and various _____ of the litigation and have and will further consider the resolution of this litigation through alternative dispute resolution programs such as those outlined in Local Rule 16-4.

The Plaintiffs,

_[signature]_
Judith Emde, individually
and as Agent of William
Emde

Dated: 1/7/05

Plaintiff's Attorney,

_[signature]_
Barry D. Lang, Esq.

Dated: 1/7/05