UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM EMDE and ) | |
| JUDITH EMDE ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-11987MLW |
| ) | |
| DAVID SMITH, M.D., ) | |
| AMY ANDERSON, M.D. and ) | |
| R. WESLEY FARRIS, M.D. ) | |
| ALLEN JEREMIAS, M.D. ) | |
| Defendants ) | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. William and Judith Emde Reside at 4 Pine Street, Derry, Rockingham County, New Hampshire.

2. Defendant David Smith, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant practiced medicine at Winchester Hospital, Winchester, Middlesex County, Massachusetts.

3. Defendant R. Wesley Farris, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant was the on-call neurologist for Winchester Hospital, Winchester, Middlesex County, Massachusetts.

4. Defendant Amy Anderson, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant practiced medicine at Winchester Hospital, Winchester, Middlesex County, Massachusetts.

5. Defendant Allen Jeremias, M.D. is a physician duly licensed to practice medicine in the Commonwealth of Massachusetts. At all times relevant hereto, said Defendant practiced medicine at Winchester Hospital, Winchester, Middlesex County, Massachusetts.

6. The United States District Court has jurisdiction in this matter because of diversity of parties.

7. The amount in controversy exceeds the amount necessary to satisfy the jurisdictional requirements of this Court.

## COUNT I
### (Negligence – Amy Anderson, M.D.)

8. Paragraphs 1 through 6 are incorporated by reference as if set forth fully herein.

9. On or about November 22, 2003 and thereafter, the Defendant, Amy Anderson, M.D., for valuable consideration, undertook to treat and care for Plaintiff William Emde.

10. It then and there became the duty of Defendant, Amy Anderson, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average physician holding herself out in the field at the time in question.

11. Nevertheless, Defendant Amy Anderson, M.D. breached her duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff William Emde.

12. As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff William Emde suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for their care and treatment, has and will in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff William Emde, Individually, demands judgment against the Defendant Amy Anderson, M.D. in such an amount as a jury may deem proper, plus interest and costs.

## COUNT II
### (Negligence – R. Wesley Farris, M.D.)

13. Paragraphs 1 through 11 are incorporated by reference as if set forth fully herein.

14. On or about November 22, 2003 and thereafter, the Defendant, R. Wesley Farris, M.D., for valuable consideration, undertook to treat and care for Plaintiff William Emde.

15. It then and there became the duty of Defendant, R. Wesley Farris, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average surgeon holding himself out in the field at the time in question.

16. Nevertheless, Defendant R. Wesley Farris, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff William Emde.

17. As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff William Emde suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for their care and treatment, has and will

in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff William Emde, Individually, demands judgment against the Defendant R. Wesley Farris, M.D. in such an amount as a jury may deem proper, plus interest and costs.

## COUNT III
### (Negligence – David Smith, M.D.)

18. Paragraphs 1 through 16 are incorporated by reference as if set forth fully herein.

19. On or about November 22, 2003 and thereafter, the Defendant, David Smith, M.D., for valuable consideration, undertook to treat and care for Plaintiff William Emde.

20. It then and there became the duty of Defendant, David Smith, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average surgeon holding himself out in the field at the time in question.

21. Nevertheless, Defendant David Smith, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff William Emde.

22. As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff William Emde suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for their care and treatment, has and will in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff William Emde, Individually, demands judgment against the Defendant David Smith, M.D. in such an amount as a jury may deem proper, plus interest and costs

## COUNT IV
### (Negligence – Allen Jeremias, M.D.)

23. Paragraphs 1 through 22 are incorporated by reference as if set forth fully herein.

24. On or about November 22, 2003 and thereafter, the Defendant, Allen Jeremias, M.D., for valuable consideration, undertook to treat and care for Plaintiff William Emde.

25. It then and there became the duty of Defendant, Allen Jeremias, M.D. to exercise that degree of care, diligence, and skill as is exercised by an average physician holding himself out in the field at the time in question.

26. Nevertheless, Defendant Allen Jeremias, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of, and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff William Emde.

27. As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff William Emde suffered severe and permanent injuries, endured and will in the future endure, great pain and suffering and mental anguish, has incurred and will in the future incur medical and other extraordinary expenses for their care and treatment, has and will in the future suffer a loss of earnings and earning capacity, and said Plaintiff was and otherwise is greatly injured.

WHEREFORE, Plaintiff William Emde, Individually, demands judgment against the Defendant Allen Jeremias, M.D. in such an amount as a jury may deem proper, plus interest and costs.

## COUNT V
### (Loss of Consortium: Judith Emde v. Amy Anderson, M.D.)

28. Paragraphs 1 through 27 are incorporated by reference as if set forth fully herein

29. As a direct and proximate result of the negligence of the defendant, Amy Anderson, M.D., and the injuries which that negligence caused William Emde, the plaintiff, Judith Emde has suffered the loss of her husband's services, society, affection, companionship, relations and consortium.

WHEREFORE, the plaintiff prays judgment against the defendant, Amy Anderson, M.D., in an amount deemed fair and reasonable, together with costs and interest.

## COUNT VI
### (Loss of Consortium: Judith Emde v. R. Wesley Farris, M.D.)

30. Paragraphs 1 through 29 are incorporated by reference as if set forth fully herein

31. As a direct and proximate result of the negligence of the defendant, R. Wesley Farris, M.D., and the injuries which that negligence caused William Emde, the plaintiff, Judith Emde has suffered the loss of her husband's services, society, affection, companionship, relations and consortium.

WHEREFORE, the plaintiff prays judgment against the defendant, R. Wesley Farris, M.D., in an amount deemed fair and reasonable, together with costs and interest

## COUNT VII
### (Loss of Consortium: Judith Emde v. David Smith, M.D.)

32. Paragraphs 1 through 31 are incorporated by reference as if set forth fully herein

33. As a direct and proximate result of the negligence of the defendant, David Smith, M.D., and the injuries which that negligence caused William Emde, the plaintiff, Judith Emde has suffered the loss of her husband's services, society, affection, companionship, relations and consortium.

WHEREFORE, the plaintiff prays judgment against the defendant, David Smith, M.D., in an amount deemed fair and reasonable, together with costs and interest

Case 1:04-cv-11987-MLW    Document 26    Filed 05/06/2005    Page 5 of 6

## COUNT VIII
### (Loss of Consortium: Judith Emde v. Allen Jeremias, M.D.)

34. Paragraphs 1 through 33 are incorporated by reference as if set forth fully herein

35. As a direct and proximate result of the negligence of the defendant, Allen Jeremias, M.D., and the injuries which that negligence caused William Emde, the plaintiff, Judith Emde has suffered the loss of her husband's services, society, affection, companionship, relations and consortium.

WHEREFORE, the plaintiff prays judgment against the defendant, Allen Jeremias, M.D., in an amount deemed fair and reasonable, together with costs and interest

## JURY DEMAND

The plaintiffs demand a trial by jury.

The Plaintiffs,
By their Attorneys,

_____
Barry D. Lang, Esq.
BBO # 565438
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA  02109
(617) 720-0176

_____
Zachary B. Lang, Esq.
BBO# 652055
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA  02109
(617) 720-0176

Dated: April 4, 2005

## CERTIFICATE OF SERVICE

I, Barry D. Lang, hereby acknowledge that on this 5th day of May, 2005, I served true and accurate copies of the following document:

1. First Amended Complaint

by regular mail, postage prepaid, to:

Attorney Barbara Buell
Bloom & Buell
1340 Soldiers Field Road
Boston, MA 02135

Daniel Griffin, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114

Kenneth Kohlberg, Esq.
McCarthy, Bouley & Barry
47 Thorndike Street
Cambridge, MA 02141

_____
Barry D. Lang, Esq.