UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM EMDE and JUDITH EMDE,<br>  Plaintiffs<br><br>VS.<br><br>DAVID SMITH, M.D., AMY ANDERSON,<br>M.D. and R. WESLEY FARRIS, M.D.,<br>ALLEN JEREMIAS, M.D.,<br>  Defendants | )<br>)<br>)<br>)  CIVIL ACTION NO. 04-11987-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND JURY CLAIM OF THE DEFENDANT, DAVID SMITH, M.D., TO THE SECOND AMENDED COMPLAINT OF THE PLAINTIFFS, WILLIAM EMDE AND JUDITH EMDE

The defendant, David Smith, M.D., claims a trial by jury as to all issues raised by the second amended complaint of the plaintiffs, William Emde and Judith Emde.

### FIRST DEFENSE

**PARTIES**

1.  The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 1 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

2.  The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 2 of the plaintiffs' second amended complaint, except that the defendant admits that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts.

3.  The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 3 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

4. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 4 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

5. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 5 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

6. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 6 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

7. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 7 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

8. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 8 of the plaintiffs' second amended complaint.

**COUNT I**

Count I does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT II**

Count II does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT III**

19.     The defendant, David Smith, M.D., repeats and re-alleges his answers to Paragraphs 1 through 18 of the plaintiffs' second amended complaint, as fully as if herein set forth.

20.     The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 20 of the plaintiffs' second amended complaint.

21.     The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 21 of the plaintiffs' second amended complaint.

22.     The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 22 of the plaintiffs' second amended complaint.

23.     The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 23 of the plaintiffs' second amended complaint.

**COUNT IV**

Count IV does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT V**

Count V does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

## COUNT VI

Count VI does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

## COUNT VII

33. The defendant, David Smith, M.D., repeats and re-alleges his answers to Paragraphs 1 through 32 of the plaintiffs' second amended complaint, as fully as if herein set forth.

34. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 34 of the plaintiffs' second amended complaint.

WHEREFORE, all allegations against the defendant, David Smith, M.D., having been denied, the defendant, David Smith, M.D., requests that all of the plaintiffs' requests for relief be denied; that the plaintiffs' second amended complaint against him be denied; that judgment enter in his favor, and that costs and attorneys' fees be awarded to him.

## COUNT VIII

Count VIII does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

## COUNT IX

Count IX does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

## SECOND DEFENSE

And further answering, the defendant, David Smith, M.D., says that this action was not commenced within the time prescribed by the applicable statutes of limitations and/or repose.

## THIRD DEFENSE

And further answering, the defendant, David Smith, M.D. says that the plaintiffs' second amended complaint in the above matter fails for lack of subject matter jurisdiction, because it does not satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332. Wherefore, the defendant moves that this second amended complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to the lack of subject matter jurisdiction.

## FOURTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the plaintiffs' second amended complaint in the above matter fails for insufficiency of process and insufficiency of service of process upon the defendant in accordance with the applicable provisions of law. Wherefore, the defendant moves that this second amended complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) due to the insufficiency of process and insufficiency of service of process.

## FIFTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the plaintiffs' second amended complaint fails to state a claim upon which relief may be granted. Wherefore, the defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Mass. R. Civ. P. 12(b)(6), that the plaintiffs' second amended complaint be dismissed, with costs to said defendant.

## SIXTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the injuries and damages alleged were not caused by the acts of any person for whose conduct the defendant was legally responsible.

## SEVENTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the plaintiffs' alleged injuries were not caused by any conduct of the defendant.

## EIGHTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the damages alleged were caused in whole or in part by the plaintiffs' own negligence.

## NINTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the injuries and damages alleged were caused in whole or in part by negligence of the plaintiffs to a degree greater than any alleged negligence of the defendant.

## TENTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that any recovery for past and future medical expenses and/or for alleged conscious pain and suffering, if any, is limited pursuant to the provisions of G.L. c. 231, § 60G and H.

WHEREFORE, the defendant, David Smith, M.D., moves that the plaintiffs' second amended complaint be dismissed, with prejudice, together with costs.

MARTIN, MAGNUSON, McCARTHY
& KENNEY

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorney for Defendant, David Smith, M.D.
101 Merrimac Street
Boston MA 02114
617-227-3240

### CERTIFICATE OF SERVICE

I, Lynda Riesgo Jensen, counsel for defendant, David Smith, M.D., hereby certify that on the 24th day of May, 2005, a copy of the above document was sent by mail, postage prepaid, to:

Barry D. Lang, Esq.
Zachary B. Lang, Esq.
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA 02109
  Attorneys for the Plaintiffs

Kenneth Kohlberg, Esq.
McCarthy, Bouley & Barry
47 Thorndike Street
Cambridge, MA 02141
  Attorney for the Defendant,
  Wesley Farris, M.D.

Barbara Hayes Buell, Esq.
Bloom & Buell
1340 Soldiers Field Road, Suite Two
Boston, MA 02135-1020
  Attorney for the Defendant,
  Amy Anderson, M.D.

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorneys for Defendant, David Smith, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston MA 02114
617-227-3240

7

UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM EMDE and JUDITH EMDE,<br>   Plaintiffs | )<br>)<br>) |
| VS. | )    CIVIL ACTION NO. 04-11987-MLW |
| | ) |
| DAVID SMITH, M.D., AMY ANDERSON,<br>M.D. and R. WESLEY FARRIS, M.D.,<br>ALLEN JEREMIAS, M.D.,<br>   Defendants | )<br>)<br>)<br>)<br>) |

**ANSWER AND JURY CLAIM OF THE DEFENDANT, DAVID SMITH, M.D.,
TO THE SECOND AMENDED COMPLAINT OF THE PLAINTIFFS,
WILLIAM EMDE AND JUDITH EMDE**

The defendant, David Smith, M.D., claims a trial by jury as to all issues raised by the second amended complaint of the plaintiffs, William Emde and Judith Emde.

### FIRST DEFENSE

**PARTIES**

1. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 1 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

2. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 2 of the plaintiffs' second amended complaint, except that the defendant admits that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts.

3. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 3 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

4. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 4 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

5. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 5 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

6. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 6 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

7. The defendant, David Smith, M.D., can neither admit nor deny the allegations contained in Paragraph No. 7 of the plaintiffs' second amended complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

8. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 8 of the plaintiffs' second amended complaint.

**COUNT I**

Count I does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT II**

Count II does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT III**

19. The defendant, David Smith, M.D., repeats and re-alleges his answers to Paragraphs 1 through 18 of the plaintiffs' second amended complaint, as fully as if herein set forth.

20. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 20 of the plaintiffs' second amended complaint.

21. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 21 of the plaintiffs' second amended complaint.

22. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 22 of the plaintiffs' second amended complaint.

23. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 23 of the plaintiffs' second amended complaint.

**COUNT IV**

Count IV does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT V**

Count V does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT VI**

Count VI does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT VII**

33. The defendant, David Smith, M.D., repeats and re-alleges his answers to Paragraphs 1 through 32 of the plaintiffs' second amended complaint, as fully as if herein set forth.

34. The defendant, David Smith, M.D., denies the allegations contained in Paragraph No. 34 of the plaintiffs' second amended complaint.

WHEREFORE, all allegations against the defendant, David Smith, M.D., having been denied, the defendant, David Smith, M.D., requests that all of the plaintiffs' requests for relief be denied; that the plaintiffs' second amended complaint against him be denied; that judgment enter in his favor, and that costs and attorneys' fees be awarded to him.

**COUNT VIII**

Count VIII does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

**COUNT IX**

Count IX does not contain allegations against the defendant, David Smith, M.D., and, as a result, no answers are required from him. To the extent the allegations are interpreted to require a response, they are denied.

## SECOND DEFENSE

And further answering, the defendant, David Smith, M.D., says that this action was not commenced within the time prescribed by the applicable statutes of limitations and/or repose.

## THIRD DEFENSE

And further answering, the defendant, David Smith, M.D. says that the plaintiffs' second amended complaint in the above matter fails for lack of subject matter jurisdiction, because it does not satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332. Wherefore, the defendant moves that this second amended complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to the lack of subject matter jurisdiction.

## FOURTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the plaintiffs' second amended complaint in the above matter fails for insufficiency of process and insufficiency of service of process upon the defendant in accordance with the applicable provisions of law. Wherefore, the defendant moves that this second amended complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) due to the insufficiency of process and insufficiency of service of process.

## FIFTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the plaintiffs' second amended complaint fails to state a claim upon which relief may be granted. Wherefore, the defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Mass. R. Civ. P. 12(b)(6), that the plaintiffs' second amended complaint be dismissed, with costs to said defendant.

## SIXTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the injuries and damages alleged were not caused by the acts of any person for whose conduct the defendant was legally responsible.

## SEVENTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the plaintiffs' alleged injuries were not caused by any conduct of the defendant.

## EIGHTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the damages alleged were caused in whole or in part by the plaintiffs' own negligence.

## NINTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that the injuries and damages alleged were caused in whole or in part by negligence of the plaintiffs to a degree greater than any alleged negligence of the defendant.

## TENTH DEFENSE

And further answering, the defendant, David Smith, M.D., says that any recovery for past and future medical expenses and/or for alleged conscious pain and suffering, if any, is limited pursuant to the provisions of G.L. c. 231, § 60G and H.

WHEREFORE, the defendant, David Smith, M.D., moves that the plaintiffs' second amended complaint be dismissed, with prejudice, together with costs.

MARTIN, MAGNUSON, McCARTHY
& KENNEY

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorney for Defendant, David Smith, M.D.
101 Merrimac Street
Boston MA 02114
617-227-3240

### CERTIFICATE OF SERVICE

I, Lynda Riesgo Jensen, counsel for defendant, David Smith, M.D., hereby certify that on the 24th day of May, 2005, a copy of the above document was sent by mail, postage prepaid, to:

| | |
|---|---|
| Barry D. Lang, Esq.<br>Zachary B. Lang, Esq.<br>Barry D. Lang, M.D. & Associates<br>One State Street, Suite 1050<br>Boston, MA 02109<br>  Attorneys for the Plaintiffs | Kenneth Kohlberg, Esq.<br>McCarthy, Bouley & Barry<br>47 Thorndike Street<br>Cambridge, MA 02141<br>  Attorney for the Defendant,<br>  Wesley Farris, M.D. |

Barbara Hayes Buell, Esq.
Bloom & Buell
1340 Soldiers Field Road, Suite Two
Boston, MA 02135-1020
  Attorney for the Defendant,
  Amy Anderson, M.D.

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorneys for Defendant, David Smith, M.D.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston MA 02114
617-227-3240

7