SCANNED
DATE: 5-3-05
BY: [signature]

FILED
CLERKS OFFICE
2005 JUN -3 P 1:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM EMDE and
JUDITH EMDE
Plaintiffs,

v.

DAVID SMITH, M.D.,
AMY ANDERSON, M.D.,
R. WESLEY FARRIS and
ALLEN JEREMIAS, M.D.
Defendants

CIVIL ACTION NO. 04-11987MLW

**ANSWER AND JURY CLAIM OF THE DEFENDANT,
ALLEN JEREMIAS, M.D.,
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' First Amended Complaint, and, therefore, calls on the plaintiffs to prove same at trial.

2. The allegations contained in paragraph 2 of plaintiffs' First Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 of plaintiffs' First Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 of plaintiffs' First Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 4.

5. The defendant admits that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts. The defendant admits that he provided care and treatment to the plaintiff, William Emde, at Winchester Hospital, Winchester, Massachusetts. The defendant denies all remaining allegations contained in paragraph 5 of plaintiffs' First Amended Complaint.

6. The defendant offers no response to Paragraph 6 of plaintiffs' First Amended Complaint as said paragraph contains a conclusion of law and does not contain any allegations of fact and, therefore, no response is required.

7. The defendant denies the allegations contained in paragraph 7 of the plaintiffs' First Amended Complaint.

**COUNTS I-III**

The allegations contained in Counts I through III of plaintiffs' First Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in Counts I through III.

**COUNT IV**

23. The defendant incorporates by reference his answers to the allegations contained in paragraphs 1 through 22 of plaintiffs' First Amended Complaint as if fully set forth herein.

24. The defendant admits only that he provided care and treatment to the plaintiff, William Emde, on one occasion at Winchester Hospital. The defendant denies the remaining allegations contained in paragraph 24 of plaintiffs' First Amended Complaint.

25. The defendant admits only that he possessed the requisite skill, knowledge and learning of the average, qualified physician, taking into account the advances in the profession and the resources available to him at the time. The defendant denies all remaining allegations contained in paragraph 25 of plaintiffs' First Amended Complaint.

26. The defendant denies the allegations contained in paragraph 26 of plaintiffs' First Amended Complaint.

27. The defendant denies the allegations contained in paragraph 27 of plaintiffs' First Amended Complaint.

WHEREFORE, the defendant states that the plaintiff is not entitled to the relief requested, or to any relief whatsoever as to this defendant.

**COUNTS V-VII**

The allegations contained in Counts V through VII of plaintiffs' First Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in Counts V through VII.

**COUNT VIII**

34. The defendant incorporates by reference his answers to the allegations contained in paragraphs 1 through 33 of plaintiffs' First Amended Complaint as if fully set forth herein.

35. The defendant denies the allegations contained in paragraph 35 of plaintiffs' First Amended Complaint.

WHEREFORE, the defendant states that the plaintiff is not entitled to the relief requested, or to any relief whatsoever as to this defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' action is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The defendant requests, pursuant to M.G.L. c. 231, § 60B, that a medical malpractice tribunal be convened within 15 days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

### FOURTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' recovery for pain and suffering, embarrassment and other items of general damages, if any, is limited by the provisions of M.G.L. c. 231, § 60H.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' recovery for past medical expenses is limited pursuant to the provisions of M.G.L. c. 231, § 60G.

### SIXTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendant states that the negligence of the plaintiffs was greater than the alleged negligence of the defendant and that such negligence of the plaintiffs contributed to their alleged damages and, therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, §85.

**EIGHTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from the defendant should be reduced in proportion to the said negligence of the plaintiffs in accordance with M.G.L. c. 231, §85.

**NINTH AFFIRMATIVE DEFENSE**

The defendant states that the Court lacks jurisdiction over this matter as the amount in controversy is insufficient to meet the jurisdictional requirement.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED BY THE COMPLAINT, ANSWER, AND AFFIRMATIVE DEFENSES.

For the Defendant,
ALLEN JEREMIAS, M.D.
By his Attorneys,

Laura Berg Susich, BBO# 566780
Sidney W. Adler, BBO# 012660
Adler, Cohen, Harvey,
Wakeman & Guekguezian, LLP
230 Congress Street, Tenth Floor
Boston, MA 02110
(617) 423-6674

Dated: 6/2/05

**CERTIFICATE OF SERVICE**

I, Laura Berg Susich, hereby certify that on this 3rd day of June, 2005, a true copy of the foregoing document was served upon the attorney of record for each party, by mailing a copy thereof, first class mail, postage prepaid to:

Barry D. Lang, Esquire
Zachary B. Lang, Esquire
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA 02109

Barbara Hayes Buell, Esquire
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135

Daniel J. Griffin, Jr., Esquire
Lynda R. Jensen, Esquire
Martin, Magnuson, McCarthy and Kenney
101 Merrimac Street
7th Floor
Boston, MA 02114

Kenneth R. Kohlberg, Esquire
Jason M. Morales, Esquire
McCarthy, Bouley & Barry
47 Thorndike Street
Cambridge, MA 02141

Laura B. Susich
Laura Berg Susich