UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM EMDE and<br>JUDITH EMDE<br>    Plaintiffs,<br><br>v.<br><br>DAVID SMITH, M.D.,<br>AMY ANDERSON, M.D.,<br>R. WESLEY FARRIS,<br>ALLEN JEREMIAS, M.D. and<br>MIDDLESEX SURGICAL ASSOCIATES, INC.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 04-11987MLW |

**MOTION OF THE DEFENDANT, ALLEN JEREMIAS, M.D.,
FOR TRANSFER TO SUPERIOR COURT
TO CONVENE A MEDICAL TRIBUNAL**

**INTRODUCTION**

Pursuant to M.G.L. c. 231, § 60B, the defendant, Allen Jeremias, M.D., hereby moves

this Court to transfer this case to Superior Court for the limited purpose of convening a Medical

Malpractice Tribunal.

**ARGUMENT**

Massachusetts General Laws c. 231, § 60B provides that "[e]very action for malpractice,

error, or mistake against a provider of health care shall be heard by a tribunal consisting of a

single justice of the Superior Court, a physician licensed to practice medicine in the

Commonwealth . . . and an attorney authorized to practice law in the Commonwealth." The

Massachusetts Supreme Judicial Court has interpreted this broadly to mean that "all treatment-related claims [are] meant to be referred to a malpractice tribunal." Little v. Rosenthal, 376 Mass. 573, 576 (1978) (action under M.G.L. c. 93A, § 9 alleging that nursing home committed unfair or deceptive practice is appropriate subject for tribunal screening process); See also Salem Orthopedic Surgeons v. Quinn, 377 Mass. 514, 515 (1979) (action for breach of a promise by physician or other health care provider to produce a specific medical result is subject to screening provisions of M.G.L. c. 231, § 60B). The Court has stated that the legislative purpose of subjecting claims to tribunals is to discourage frivolous claims against health care providers. See Salem Orthopedic Surgeons, 377 Mass. at 520; Austin v. Boston Univ. Hosp., 372 Mass. 654, 655 n.4 (1977).

M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented, if properly substantiated, is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." The legislature has, therefore, mandated that every medical malpractice case must be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B. There is no exception. Austin, 372 Mass. at 660; Little, 376 Mass. at 576. Furthermore, if a medical malpractice case is entered in the United States District Court, the case must be transferred to the Superior Court for consideration by a medical tribunal. Feinstein v. Massachusetts General Hospital, 643 F.2d 880 (D.Mass. 1981).

In paragraph 27 of the Plaintiffs' Second Amended Complaint in this matter, the plaintiffs allege that "Defendant Allen Jeremias, M.D. breached his duty and failed to exercise said degree of care, diligence and skill by negligently treating, recommending treatment for, supervising the care of and by otherwise failing to render proper, adequate and necessary medical care and treatment of Plaintiff William Emde." The plaintiffs also assert a claim against

2

Dr. Jeremias for Loss of Consortium arising out of his alleged medical negligence. Thus, the allegations set forth in Plaintiffs' Second Amended Complaint make clear that this is a claim for malpractice, mistake, or error against a health care provider. Therefore, pursuant to c. 231, § 60B and case law interpreting that statute, Dr. Jeremias is entitled to have this case transferred to the Superior Court for the purpose of convening a medical malpractice tribunal.

A Request for Tribunal on behalf of Dr. Jeremias is being filed simultaneously with this motion.

WHEREFORE, the defendant requests that this Court enter an Order transferring this civil action to the Superior Court for the limited purpose of convening a medical malpractice tribunal in accordance with Massachusetts General Laws c. 231, § 60B. Following the tribunal, the case may then be remanded to the United States District Court for the District of Massachusetts for resolution.

For the Defendant,
ALLEN JEREMIAS, M.D.
By his Attorneys,

Laura Berg Susich, BBO# 566780
Sidney W. Adler, BBO# 012660
Adler, Cohen, Harvey,
Wakeman & Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674

Dated: 7/28/05

3

## CERTIFICATE OF SERVICE

I, Laura Berg Susich, hereby certify that on this _28th_ day of ___July___ , 2005, a true copy of the foregoing document was served upon the attorney of record for each party, by mailing a copy thereof, first class mail, postage prepaid to:

Barry D. Lang, Esquire
Zachary B. Lang, Esquire
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA  02109

Barbara Hayes Buell, Esquire
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135

Daniel J. Griffin, Jr., Esquire
Lynda R. Jensen, Esquire
Martin, Magnuson, McCarthy and Kenney
101 Merrimac Street
7th Floor
Boston, MA  02114

Kenneth R. Kohlberg, Esquire
Jason M. Morales, Esquire
McCarthy, Bouley & Barry
47 Thorndike Street
Cambridge, MA 02141

_____
Laura Berg Susich

4