UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM EMDE and <br> JUDITH EMDE <br>     Plaintiffs, <br><br> v. <br><br> DAVID SMITH, M.D., <br> AMY ANDERSON, M.D., <br> R. WESLEY FARRIS, <br> ALLEN JEREMIAS, M.D. and <br> MIDDLESEX SURGICAL ASSOCIATES, INC. <br>     Defendants | CIVIL ACTION <br> NO. 04-11987MLW |

**ANSWER AND JURY CLAIM OF THE DEFENDANT,
ALLEN JEREMIAS, M.D.,
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' Second Amended Complaint, and, therefore, calls on the plaintiffs to prove same at trial.

2. The allegations contained in paragraph 2 of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 3.

4.   The allegations contained in paragraph 4 of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 4.

5.   The defendant admits that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts. The defendant admits that he provided care and treatment to the plaintiff, William Emde, at Winchester Hospital, Winchester, Massachusetts. The defendant denies all remaining allegations contained in paragraph 5 of plaintiffs' Second Amended Complaint.

6.   The allegations contained in paragraph 6 of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in paragraph 6.

7.   The defendant offers no response to Paragraph 7 of plaintiffs' Second Amended Complaint as said paragraph contains a conclusion of law and does not contain any allegations of fact and, therefore, no response is required.

8.   The defendant denies the allegations contained in paragraph 8 of the plaintiffs' Second Amended Complaint.

## COUNTS I-III

The allegations contained in Counts I through III of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in Counts I through III.

## COUNT IV

24. The defendant incorporates by reference his answers to the allegations contained in paragraphs 1 through 23 of plaintiffs' Second Amended Complaint as if fully set forth herein.

25. The defendant admits only that he provided care and treatment to the plaintiff, William Emde, on one occasion at Winchester Hospital. The defendant denies the remaining allegations contained in paragraph 25 of plaintiffs' Second Amended Complaint.

26. The defendant admits only that he possessed the requisite skill, knowledge and learning of the average, qualified physician, taking into account the advances in the profession and the resources available to him at the time. The defendant denies all remaining allegations contained in paragraph 26 of plaintiffs' Second Amended Complaint.

27. The defendant denies the allegations contained in paragraph 27 of plaintiffs' Second Amended Complaint.

28. The defendant denies the allegations contained in paragraph 28 of plaintiffs' Second Amended Complaint.

WHEREFORE, the defendant states that the plaintiff is not entitled to the relief requested, or to any relief whatsoever as to this defendant.

## COUNTS V-VII

The allegations contained in Counts V through VII of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in Counts V through VII.

## COUNT VIII

35. The defendant incorporates by reference his answers to the allegations contained in paragraphs 1 through 34 of plaintiffs' Second Amended Complaint as if fully set forth herein.

36. The defendant denies the allegations contained in paragraph 36 of plaintiffs' Second Amended Complaint.

WHEREFORE, the defendant states that the plaintiff is not entitled to the relief requested, or to any relief whatsoever as to this defendant.

## COUNT IX

The allegations contained in Count IX of plaintiffs' Second Amended Complaint do not pertain to this defendant, and therefore no response is required. To the extent a response is required, the defendant denies the allegations contained in Count IX.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' action is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The defendant requests, pursuant to M.G.L. c. 231, § 60B, that a medical malpractice tribunal be convened within 15 days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

### FOURTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' recovery for pain and suffering, embarrassment and other items of general damages, if any, is limited by the provisions of M.G.L. c. 231, § 60H.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' recovery for past medical expenses is limited pursuant to the provisions of M.G.L. c. 231, § 60G.

### SIXTH AFFIRMATIVE DEFENSE

The defendant states that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states that the negligence of the plaintiffs was greater than the alleged negligence of the defendant and that such negligence of the plaintiffs contributed to their alleged damages and, therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, §85.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from the defendant should be reduced in proportion to the said negligence of the plaintiffs in accordance with M.G.L. c. 231, §85.

### NINTH AFFIRMATIVE DEFENSE

The defendant states that the Court lacks jurisdiction over this matter as the amount in controversy is insufficient to meet the jurisdictional requirement.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED BY THE COMPLAINT, ANSWER, AND AFFIRMATIVE DEFENSES.

For the Defendant,<br>
ALLEN JEREMIAS, M.D.<br>
By his Attorneys,<br>
<br>
/s/ Laura Berg Susich<br>
Laura Berg Susich, BBO# 566780<br>
Sidney W. Adler, BBO# 012660<br>
Adler, Cohen, Harvey,<br>
Wakeman & Guekguezian, LLP<br>
75 Federal Street, 10th Floor<br>
Boston, MA 02110<br>
(617) 423-6674<br>

Dated: 7/28/05

## CERTIFICATE OF SERVICE

I, Laura Berg Susich, hereby certify that on this 28th day of July, 2005, a true copy of the foregoing document was served upon the attorney of record for each party, by mailing a copy thereof, first class mail, postage prepaid to:

| | |
|---|---|
| Barry D. Lang, Esquire<br>Zachary B. Lang, Esquire<br>Barry D. Lang, M.D. & Associates<br>One State Street, Suite 1050<br>Boston, MA 02109 | Barbara Hayes Buell, Esquire<br>Bloom & Buell<br>1340 Soldiers Field Road<br>Suite Two<br>Boston, MA 02135 |
| Daniel J. Griffin, Jr., Esquire<br>Lynda R. Jensen, Esquire<br>Martin, Magnuson, McCarthy and Kenney<br>101 Merrimac Street<br>7th Floor<br>Boston, MA 02114 | Kenneth R. Kohlberg, Esquire<br>Jason M. Morales, Esquire<br>McCarthy, Bouley & Barry<br>47 Thorndike Street<br>Cambridge, MA 02141 |

/s/ Laura Berg Susich
Laura Berg Susich