UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM EMDE and JUDITH EMDE, )
Plaintiffs )
)
)
V. ) CIVIL ACTION NO. 04-11987-MLW
)
DAVID SMITH, M.D., )
AMY ANDERSON, M.D. )
R. WESLEY FARRIS, M.D., )
ALLEN JEREMIAS, M.D. )
MIDDLESEX SURGICAL ASSOCIATES, INC. )
Defendants )
)

## ANSWER AND JURY CLAIM OF DEFENDANT, R. WESLEY FARRIS, M.D. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

The defendant, R. Wesley Farris, M.D., hereby answers the numbered paragraphs of the plaintiffs' Second Amended Complaint as follows:

### PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. The defendant denies the allegations contained in Paragraph 3, except that the defendant admits that he is and was at the time alleged a physician licensed to practice medicine in the Commonwealth of Massachusetts.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. The defendant denies the allegations contained in Paragraph 8.

Answer to Plaintiff's Second Amended Complaint

## COUNT I

9.-13.   As Count I does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Count I.

## COUNT II

14.   The defendant repeats and reasserts his responses to Paragraphs 1 through 13 set forth above.

15.   The defendant denies the allegations contained in Paragraph 15.

16.   The defendant denies the allegations contained in Paragraph 16.

17.   The defendant denies the allegations contained in Paragraph 17.

18.   The defendant denies the allegations contained in Paragraph 18.

## COUNT III

19.-23.   As Count III does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Count III.

## COUNT IV

24.-28.   As Count IV does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Count IV.

## COUNT V

29.-30.   As Count V does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Court V.

## COUNT VI

31.   The defendant repeats and reasserts his responses to Paragraphs 1 through 30 set forth above.

32.   The defendant denies the allegations contained in Paragraph 32.

## COUNT VII

33.-34.   As Count VII does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Count VII.

Answer to Plaintiff's Second Amended Complaint

## COUNT VIII

35.-36  As Count VIII does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Count VIII.

## COUNT IX

37.-39  As Count IX does not relate to this defendant, no answer is required. However, to the extent that a responsive pleading is required, the defendant denies the allegations contained in Count IX.

WHEREFORE, all allegations against the defendant having been denied, the defendant requests that all of the plaintiffs' requests for relief be denied; that the plaintiffs' Complaint against him be dismissed; that judgment enter in favor of the defendant; and, that costs and attorneys' fees be awarded to the defendant.

## FIRST DEFENSE

The defendant states that this action was not commenced within the time prescribed by the applicable statutes of limitations and/or repose.

## SECOND DEFENSE

The defendant states that the plaintiffs' complaint fails for lack of subject matter jurisdiction because it does not satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332. Wherefore, the Defendant moves that this Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to the lack of subject matter jurisdiction.

## THIRD DEFENSE

The defendant states that the plaintiffs' Complaint fails for insufficiency of process and insufficiency of service of process in accordance with the applicable provisions of law. Wherefore, the defendant moves that this Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) due to the insufficiency of process and insufficiency of service of process.

## FOURTH DEFENSE

The defendant states that the plaintiffs' Complaint fails to state a claim upon which relief may be granted. Wherefore, the defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Mass. R. Civ. P. 12(b)(6), that the plaintiffs' Complaint be dismissed with costs to the defendant.

## FIFTH DEFENSE

The defendant states that the injuries and damages alleged were not caused by the acts of any person for whose conduct the defendant was legally responsible.

Answer to Plaintiff's Second Amended Complaint

## SIXTH DEFENSE

The defendant states that the plaintiffs' alleged injuries were not caused by any conduct of the defendant.

## SEVENTH DEFENSE

The defendant states that the damages alleged were caused in whole or in part by the plaintiffs' own negligence.

## EIGHTH DEFENSE

The defendant states that the injuries and damages alleged were caused in whole or in part by negligence of the plaintiffs to a degree greater than any alleged negligence of the defendant.

## NINTH DEFENSE

The defendant states that any recovery for past and future medical expenses and/or for alleged conscious pain and suffering, if any, is limited pursuant to the provisions of G.L. c. 231, § 60G and H.

WHEREFORE, the defendant, R. Wesley Farris, M.D., moves that the plaintiffs' Complaint be dismissed as to him, with prejudice, together with costs.

**The defendant claims a Trial by Jury on all issues so triable.**

**The defendant reserves the right to assert further Affirmative Defenses upon completion of discovery.**

**The defendant states that this is a medical malpractice action which is required to be heard by a Tribunal pursuant to M.G.L. c. 231, § 60B.**

Respectfully submitted,
R. Wesley Farris, M.D.,
By counsel,

Kenneth R. Kohlberg, Esq.
BBO No. 556534
Jason M. Morales, Esq.
BBO No. 653992
McCarthy, Bouley & Barry, P.C.
47 Thorndike Street
Cambridge, MA 02141
(617) 225-2211

Dated: **August 11, 2005**

4

Answer to Plaintiff's Second Amended Complaint

## CERTIFICATE OF SERVICE

I, Jason M. Morales, Esq., hereby certify that on the 11th day of August, 2005, I served a true copy of the foregoing document upon the following attorney's of record, by first class mail, postage prepaid, to:

| | |
|---|---|
| Barry D. Lang, Esquire<br>Zachary B. Lang, Esquire<br>Barry D. Lang M.D. & Associates<br>One State Street, Suite 1050<br>Boston, MA 02109 | Daniel J. Griffin, Esquire<br>Attorney Lynda Riesgo Jensen<br>Martin, Magnuson, McCarthy & Kenney<br>101 Merrimac Street<br>Boston, MA 02114 |
| Barbara Hayes Buell, Esquire<br>Bloom & Buell<br>1340 Soldiers Field Road<br>Boston, MA 02135 | Sidney Adler, Esquire<br>Laura Berg Susich, Esquire<br>Adler, Cohen, Harvey, Wakeman & Guekguezian<br>75 Federal Street, 10th Floor<br>Boston, MA 02110 |

*/s/ Kenneth R. Kohlberg*
Kenneth R. Kohlberg, Esq.
BBO No. 556534
Jason M. Morales, Esq.
BBO No. 653992
McCarthy, Bouley & Barry, P.C.
47 Thorndike Street
Cambridge, MA 02141
(617) 225-2211

5