UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-11987MLW

FILED
CLERKS OFFICE

2005 AUG 29  P 3: 11

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| WILLIAM EMDE and<br>JUDITH EMDE,<br>    *Plaintiffs,*<br><br>VS.<br><br>DAVID SMITH, M.D.;<br>AMY ANDERSON, M.D.; and<br>R. WESLEY FARRIS, M.D.,<br>ALLEN JEREMAIS, M.D. and<br>MIDDLESEX SURGICAL ASSOCIATES, INC.<br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)  C.A. No. *04-11987-MLW*<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, MIDDLESEX SURGICAL ASSOCIATES, INC.'S ANSWER TO THE PLAINTIFFS' SECOND AMENDED COMPLAINT

Now comes the defendant, Middlesex Surgical Associates Inc., and hereby answers the Plaintiffs' Second Amended Complaint as follows:

First Defense

Answering to that part of the Second Amended Complaint entitled "PARTIES", in answer to paragraphs 1, 7, and 8 thereof, this Defendant is without sufficient information or belief to either admit or deny the allegations in said paragraphs but believes the same to be true. Answering to paragraphs 2, 3, 4 and 5 of that section of the Plaintiffs' Second Amended Complaint denominated "PARTIES", this Defendant states that said paragraphs inclusive, do not pertain to this Defendant, and no answer is made thereto as none is required. To the extent that said paragraphs can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations and calls upon the Plaintiffs to prove the same. Answering to that section of the Plaintiffs' Second Amended Complaint entitled "PARTIES", paragraph 6 therein, this Defendant admits to so much as alleges a name and a place of business on or about the date alleged, but denies the particularities thereof. This Defendant further answers Plaintiffs' Amended Complaint and states that each and every allegation set forth in paragraphs 1 through 8 of the Plaintiffs' Amended Complaint not hereinbefore specifically admitted, is denied.

## Second Defense

Answering to Count I of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 9 through 13, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count I of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

## Third Defense

Answering to Count II of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 14 through 18, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count II of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

## Fourth Defense

Answering to Count III of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 19 through 23, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count III of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

## Fifth Defense

Answering to Count IV of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 24 through 28, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count IV of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

Sixth Defense

Answering to Count V of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraphs 29 through 30, all paragraphs inclusive, and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count V of Plaintiffs' Second Amended Complaint, all paragraphs inclusive, not hereinbefore specifically admitted, is denied.

Seventh Defense

Answering to Count VI of Plaintiffs' Second Amended Complaint this Defendant states that said Count does not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraph 31 through 32 and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count VI of Plaintiffs' Second Amended Complaint not hereinbefore specifically admitted, is denied.

Eighth Defense

Answering to Count VII of Plaintiffs' Second Amended Complaint this Defendant states that said Count inclusive, do not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraph 33 through 34 and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count VII of Plaintiffs' Second Amended Complaint not hereinbefore specifically admitted, is denied.

Ninth Defense

Answering to Count VIII of Plaintiffs' Second Amended Complaint this Defendant states that said Count inclusive, do not pertain to this Defendant, and no answer is made thereto. To the extent that said Count can be read so as to pertain to this Defendant, this Defendant is without sufficient information or belief to either admit or deny said allegations contained in paragraph 35 through 36 and calls upon the Plaintiffs to prove the same. This Defendant further states that each and every allegation set forth in said Count VIII of Plaintiffs' Second Amended Complaint not hereinbefore specifically admitted, is denied.

Tenth Defense

Answering to Count IX of the Plaintiffs' Second Amended Complaint, in answer to paragraph 37 therein, this Defendant restates the answers to all preceding paragraphs of the Plaintiffs' Second Amended Complaint as if the same had been fully set forth herein. Answering to paragraph 38 this Defendant admits to so much of said paragraph 38 as alleges an employment relationship on or about the date alleged. Answering to paragraph 39, this Defendant states that the Plaintiffs set forth a proposition of law, not of fact, and therefore no answer is required. This Defendant further answers Plaintiffs' Amended Complaint and states that each and every allegation set forth in Count IX of the Plaintiffs' Amended Complaint not hereinbefore specifically admitted, is denied.

### Eleventh Defense

The Plaintiffs' Second Amended Complaint fails to state a cause of action for which this Court presently has jurisdiction.

### Twelfth Defense

The Plaintiffs' Second Amended Complaint fails to state a cause of action for which relief can be granted.

### Thirteenth Defense

The Plaintiff, William Emde, was not in the exercise of due care, but rather the negligence of the Plaintiff William Emde contributed to cause the injury or damage complained of, wherefore the recovery of the Plaintiffs are barred in whole or in part, or is subject to diminution.

### Fourteenth Defense

The Plaintiff, William Emde, after having been duly informed of the risks involved, and for consideration, consented to the procedures involved.

### Fifteenth Defense

The injuries and damages alleged were not caused by the acts of any person for whose conduct the Defendant, Middlesex Surgical Associates Inc., was legally responsible. Wherefore, the recovery of the Plaintiffs, William Emde and Judith Emde, is barred.

### Sixteenth Defense

Plaintiffs have failed in their duty to mitigate damages.

### Seventeenth Defense

The Defendant, Middlesex Surgical Associates Inc., says that if the Plaintiff, William Emde, proves that the Defendant, Middlesex Surgical Associates Inc, was negligent as alleged, the Plaintiff was negligent to a greater degree than the Defendant and the Plaintiffs are barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts

### Eighteenth Defense

This action has not been brought within the time specified by the General Laws of this Commonwealth.

WHEREFORE, the Defendant respectfully request that this Honorable Court:

1) Dismiss the Plaintiffs' Second Amended Complaint;

2) Award the Defendant its attorney's fees and costs in defending this claim;

3) Order such other and further relief as this Honorable Court deems proper.

### DEMAND FOR JURY TRIAL

The Defendant, Middlesex Surgical Associates Inc., demands a trial by jury.

*Certificate of Service*

I hereby certify that I have served a true copy of the within document upon all concerned parties, by mail, postage prepaid.

/s/ BHB

BARBARA HAYES BUELL, ESQUIRE
BBO# 063480
BLOOM AND BUELL
Attorneys for Defendant,
   *Middlesex Surgical Associates Inc.*
1340 Soldiers Field Road
Suite Two
Boston, Massachusetts 02135-1020
617-254-4400

Dated: August 25, 2005