UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM EMDE and )<br>JUDITH EMDE )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>DAVID SMITH, M.D., )<br>AMY ANDERSON, M.D., )<br>R. WESLEY FARRIS, )<br>ALLEN JEREMIAS, M.D. and )<br>MIDDLESEX SURGICAL ASSOCIATES, INC. )<br>    Defendants ) | C. A. NO. 04-11987MLW |

## EXPERT DISCLOSURES OF THE DEFENDANT, ALLEN JEREMIAS, M.D.

The defendant, Allen Jeremias, M.D., hereby discloses the expected testimony of his expert witnesses for trial. In particular, the defendant discloses the expected testimony of Alan J. Berrick, M.D. as follows:

> Alan J. Berrick, M.D.
> Granite Medical
> Crown Colony Medical Center
> 500 Congress Street
> Quincy, MA 02169

A copy of Dr. Berrick's report is attached hereto. Dr. Berrick's report also includes a list of his prior testimony and his rate of compensation.

The defendant reserves the right to supplement and amend his expert disclosures based on the expert disclosures of the co-defendants and/or any further expert disclosures from plaintiffs.

The Defendant,
ALLEN JEREMIAS, M.D.
By his attorneys,

*Laura B Susich*
Laura Berg Susich, BBO# 566780
Sidney W. Adler, BBO# 012660
Adler, Cohen, Harvey,
Wakeman & Guekguezian, LLP
75 Federal Street, Tenth Floor
Boston, MA 02110

Dated: 8/24/06

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 8/24/06.

*Laura B Susich*

2



**Granite Medical**
*Working together for your good health*

August 22, 2006

Laura Berg Susich, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian LLP
75 Federal Street
10th Floor
Boston, MA 02110

Re:   William Emde, et al. v. Allen Jeremias, M.D., et al.
      U.S. District Court for the District of Massachusetts Civil Action No. 04-11987MLW

Dear Attorney Susich:

I am a board certified internist and cardiologist and am licensed to practice medicine in Massachusetts. A copy of my Curriculum Vitae is attached hereto. At your request, I have reviewed certain records in the above-referenced matter and write this letter to summarize my opinions of the care rendered to William Emde by Dr. Allen Jeremias. In particular, I have reviewed Mr. Emde's medical records from Winchester Hospital. I have also reviewed numerous deposition transcripts in this matter including the depositions of the plaintiffs and the various defendants, including Dr. Jeremias' deposition.

Mr. Emde was admitted to Winchester Hospital on November 18, 2003 for a graft revision of his left leg. The graft revision was performed on November 19, 2003. On the evening of November 22, 2003, Dr. Jeremias was working at Winchester Hospital in a capacity identified by the hospital as "intensivist." In that role, Dr. Jeremias was asked to see Mr. Emde by Dr. David Smith due to an increase in Mr. Emde's blood pressure. Dr. Smith was the surgical resident who had been caring for Mr. Emde throughout the day. The attending surgeon was Dr. Amy Anderson. Dr. Jeremias appropriately addressed Mr. Emde's complaints with regard to his blood pressure. He ordered appropriate medication to decrease his blood pressure and Mr. Emde's blood pressure responded well to this medication.

In the course of examining Mr. Emde, Dr. Jeremias noted that he complained of other unrelated symptoms regarding his lower extremities and his right upper extremity. Dr. Jeremias examined Mr. Emde with regard to these complaints and performed some neurologic testing to assess Mr. Emde's sensation and motor function. In doing so, Dr. Jeremias documented that Mr. Emde had no sensation or motor function in either lower extremity and decreased motor function in the right upper extremity. Mr. Emde's sensation was intact in both upper extremities.

Dr. Jeremias discussed Mr. Emde's care with Dr. Smith. Dr. Jeremias ordered a head CT to rule out the possibility of a bleed and/or CVA. Dr. Jeremias and Dr. Smith agreed that Dr. Smith would call a neurology consult immediately regarding Mr. Emde's symptoms. Dr. Jeremias did not participate in Mr. Emde's care any further.

## DISCUSSION

Dr. Jeremias' role in Mr. Emde's care was limited. In that limited role, he acted appropriately and within the standard of care at all times. He was called to see the patient due to hypertension. He appropriately treated the patient's symptoms in that regard. Dr. Jeremias then appropriately noted and documented that Mr. Emde had additional complaints regarding lack of sensation and motor function in his bilateral lower extremities and decreased motor function of his right upper extremity. Although Dr. Jeremias had been called to see Mr. Emde for complaints of high blood pressure, Dr. Jeremias acted in accordance with the standard of care in taking steps to pursue the cause of Mr. Emde's other unrelated symptoms. The fact that he had symptoms in both lower extremities and one upper extremity was an unusual presentation which did not lend itself to a clear diagnosis, particularly to someone who does not specialize in neurology.

Dr. Jeremias was faced with symptoms that did not lend themselves clearly to one particular diagnosis. In that circumstance and given that this was the first time he was involved in this patient's care, it was within the standard of care for Dr. Jeremias to discuss his findings with Dr. Smith, the physician who called him to see the patient and who had been caring for the patient throughout the day. In his limited role in caring for Mr. Emde, Dr. Jeremias was not required to order a spinal CT. He appropriately recognized that Mr. Emde was having neurological symptoms, he documented those symptoms and then recommended, after discussion with Dr. Smith, that a consult be done immediately with a neurologist. In fact, Dr. Jeremias was the first physician to make note of the need for a neurological intervention and started the process of getting a neurologist involved. All of Dr. Jeremias' actions, decisions, orders and recommendations in caring for Mr. Emde were appropriate and within the standard of care.

With respect to the other information required under the Federal Rules, in the last four years I have previously testified as an expert in October, 2004 in the matter of *John Vrahliotis v. Eric C. Knight, M.D., et al.*, Suffolk Superior Court Civil Action No. 00-1751.

In this case, I will be compensated at a rate of $425/hour for review of materials. I am compensated at the same rate of $425/hour for any deposition or trial testimony I give.

Sincerely,

Alan J. Berrick, M.D.